**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

| | | |
|---|---|---|
| **CHRISTONA WILLIAMS,** § | | |
| Movant, § | | |
| § | | |
| V. § | No. 1:19-cv-686 RP | |
| § | | |
| **DEPARTMENT OF DEFENSE,** § | | |
| Respondent. § | | |

## ORDER

Before the Court are Movant Christona Williams' Objections to and Motion to Quash Subpoena Duces Tecum (Dkt. No. 1), the Department of Defense's Response (Dkt. No. 3), and the Reply (Dkt. No. 4).[1] The District Court referred the motion to the undersigned Magistrate Judge for a determination pursuant to 28 U.S.C. § 636(b), Federal Rule of Civil Procedure 72, and Rule 1(c) of Appendix C of the Local Court Rules.

### I. BACKGROUND

Movant Christona Williams ("Williams") is an active duty enlisted member of the United States Navy and a customer of USAA Federal Savings Bank ("Bank"). In June 2019, Respondent Department of Defense ("DoD") issued a subpoena duces tecum ("Subpoena") to the Bank, seeking production of any documents in the Bank's possession related to Williams. The DoD contends it issued the Subpoena in connection with an ongoing investigation into Williams for alleged violations of the Uniform Code of Miliary Justice ("UCMJ") including Article 121, which prohibits "larceny and wrongful misappropriation." *See* 10 U.S.C. § 921.

---

[1] In her reply, Williams points out that the DoD filed its response outside the seven day period allotted by Local Rule CV-7(e) and requested the Court thus treat her motion as unopposed. Though the response was filed late, it did not prejudice Williams, and the Court will consider the arguments of the response. *See* Local Rule CV-7(e).

On June 25, 2019, The DoD served Williams with a copy of the Subpoena. On July 8, 2019, Williams filed this action seeking to quash the Subpoena pursuant to the Right to Financial Privacy Act of 1978. *See* 12 U.S.C. § 3410. The Bank has not been served the Subpoena. Williams seeks to quash the Subpoena on the following grounds: (1) the Subpoena seeks records which have not been established as relevant to a legitimate investigation; (2) the Subpoena is overly broad; and, (3) more limited means exist to obtain the information sought by the Subpoena.

## II. DISCUSSION

The Right to Financial Privacy Act of 1978 ("RFPA") permits customers of financial institutions to challenge government subpoenas. 12 U.S.C. § 3410(a). Under the RFPA, a customer of a financial institution may file a motion to quash a subpoena to "enjoin a Government authority from obtaining financial records pursuant to a formal written request," so long as he or she does so within ten days of service or fourteen days of mailing the subpoena and serves copies upon the Government authority. *Id.* The RFPA allows only three grounds for quashing a subpoena: (1) the Government authority's inquiry is not a legitimate law enforcement inquiry; (2) the financial records sought by the subpoena are not relevant to the inquiry; or (3) the Government authority has not substantially complied with the requirements of the statute. *See Sandsend Fin. Consultants v. Fed. Home Loan Bank Bd.*, 878 F.2d 875, 882 (5th Cir. 1989). Under the RFPA, the court must deny a motion to quash if it finds "a demonstrable reason to believe that the law enforcement inquiry is legitimate and a reasonable belief that the records sought are relevant to that inquiry." 12 U.S.C. § 3401(c).

Here, Williams challenges the Subpoena on the grounds that it is not relevant to any legitimate law enforcement inquiry. Williams argues she "has not been charged with violating the

2

Uniform Code of Military Justice" and that the "mere desire to investigate unsupported allegations" is insufficient for the purposes of the RFPA. Dkt. No. 1 at 2. She is incorrect. The RFPA is not contingent on the existence of a pending proceeding, and courts have long upheld subpoenas in connection with investigations as relevant to legitimate law enforcement inquiries. *See United States v. Morton Salt Co.*, 338 U.S. 632, 642 (1950) (governmental agencies "can investigate merely on the suspicion that the law is being violated, or even just because it wants assurance that it is not."). As Williams notes in her motion, the Subpoena was issued to "refute or support allegations that [Williams] diverted funds from another service member's account with the Defense Finance and Accounting Service to [her] personal account, in violation of the Uniform Code of Military Justice." Dkt. No. 1 at 2. This is enough to demonstrate its relevance to a legitimate law enforcement inquiry. *See Berryman v. Dep't of Defense*, 2013 WL 449773, at *1-2 (W.D. Tex. Feb. 5, 2013) (government's investigation into an alleged violation of the Uniform Code of Military Justice constitutes a legitimate law enforcement inquiry). The DoD investigation thus qualifies as a legitimate law enforcement inquiry and the Subpoena properly seeks financial records relevant to that investigation.

In addition to arguing the Subpoena seeks irrelevant documents, Williams also contends it is "overly broad" and that there are "more limited means" to obtain the information sought by the DoD. These arguments are not relevant under the RFPA. *See Collins v. Commodity Futures Trading Comm'n*, 737 F. Supp. 1467, 1480-81 (N.D. Ill. 1990) (court cannot consider whether alternatives might yield the same information). Under the RFPA, the court considers only: (1) whether there is a legitimate law enforcement inquiry; (2) whether the subpoenaed financial documents are relevant to the inquiry; and (3) whether the government agency complied with the

requirements of the statute. *Sandsend*, 878 F.2d at 882. Here, the Court has determined the requested financial documents are relevant to a legitimate investigation, thus the Motion to Quash must be denied under 12 U.S.C. § 3410(c).

**ACCORDINGLY**, Movant's Motion to Quash Respondent's Subpoena Duces Tecum (Dkt. No. 1) is **DENIED** and the Court **HEREBY ORDERS** this case be **CLOSED**.

SIGNED this 23rd day of September, 2019.

_____
ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE